The next case, number 23-1872, Jose Ernesto Hernandez-Castrodad et al. v. Sigfridos-Steidel-Figueroa. At this time, would counsel for the appellants please come to the podium and introduce himself on the record to begin. Yes, good morning. Good to see you again. I'm the counsel for the appellants in this case and it's my pleasure to proceed. Mr. López. It's a forward-looking compliance and to exercise what they believe are the rights on the domain provision that a body has to be paid in full for a condemnation proceeding by the state and that would include the main amount that is given for the property taken by the government plus the interest without the legal. The two areas are beyond the discharge for the first area. We're requesting the defendant, an order directed to the defendant in a manner that is going to be repeating itself over and over the years. Remember that this starts with some change in the law, only 1991, and interest on principles that have already paid, have been already paid, stayed with the government for more than 20 years. That's what the record shows and that's something that cannot be computed. This will keep happening. There is an injunctive order directed to the administrator that the interest amount has to follow the principle. But when the principle is paid, you have to compute the interest and pay it. Could you give us some kind of indication as to how widespread a problem this is? Excuse me? How widespread a problem is this? I mean, how much property has been taken and how much money is the, do you think the commonwealth is holding in these takings? I don't mean in terms of dollars. Yeah. How many people are impacted? And I want to clarify this for the record, because I want to add a fact for the record, which I learned yesterday. I already told the police counsel. At some point after the effective day of the plan, the defendant did what they should have done from day one. They identified the person who had an amnesty to the name, contacted them and offered them an amnesty. And that was after the effective day. What did you tell? Well, for example, my client had an interest amount there. I don't know exactly what was the number. It was like $2,000, $1,000 something dollars. That amount was there, and that was the issue of the 50% interest that was there. The principal amount was still there. The principal amount, not the principal amount. When he was paid in the beginning, the principal of the interest that was there. Because that's what the defendant tried to do. Perhaps, I don't know. There's a condemnation proceeding. $2,000,000 are put to the name of my client. My client first starts to say that that amount is not correct, such and such. Well, eventually an agreement is reached. And he files to withdraw the $2,000,000. Wait a minute. An agreement is reached and then becomes a judgment? Yes, in the state court. In the state court. The state court agreement is reached. Judge Barrett and I were talking about this this morning. A judgment is reached. Is the money then... Is the amount of the judgment then deposited somewhere? No, the amount of the money is a condemnation proceeding. The amount is deposited beforehand. Because the state, the Commonwealth, takes possession of the property immediately upon the filing of the case. They file a condemnation proceeding. Here's the check for $2,000,000. Give me the property. They acquire the property immediately. The only thing that the person can do is challenge the amount. If the amount is unfair or is lower than... And they challenge it here, right? Yes. And then when they came to an agreement as to what the amount would be, does that reduce to a judgment? Yes. Following that judgment, did that increase the amount?  When the amount was deposited, there was a time where that amount was there. Will that amount generate the interest? I'm not answering that question. The government's going to take your property, and they say $100,000. At that moment, they have to put $100,000 into an account. Then the other side says it shouldn't be $100,000, it should be $200,000. And they have a fight. Yes. The plaintiff wins. There's a judge, let's imagine, the plaintiff wins. So now the judgment says, no, it's not $100,000, it's $150,000. So another $50,000 has to go in, right? I'm not asking about this case, I just want to understand how it works. When the $50,000 has to go in, what happens to that? Is that put into the same account? Yes, it's in the same account. And that's an interest-bearing account. It's an interest-bearing account. And the interest... Is the account commingled with other sources? No, it's an aggregate account. It's commingled by... It's got to be in the same account. When the monies are commingled, they go into the same account. And are you claiming, in this case, how much was originally put into the account before the dispute about the amount? I think that the amount that was originally put was the final amount. But I'm not really sure about it. But I do believe that there was some hassle in terms of the amount that was going to be paid. But finally, around the $2 million, where I believe it's going, and a judgment entered for the $2 million. Okay, and the 15% rule, the state law, the poor people law, that says 15% comes out. Does that apply? No. I don't have that in the basic law. No, I didn't ask that. Okay. Does that apply to the interest earned both on the $2 million that's in there before there's a judgment and to the amount that's in there after the judgment? Yes. Okay. The part that applies after the judgment, that 15% rule, does that apply to all judgments or only eminent domain judgments? All judgments. But the eminent domain part, the 15%, that applies even, that especially applies just to, there's no judgment when the money's put in by the government, right? Yeah, because this applies to third parties depositing money on behalf of others. Yeah. Which is a different scenario, and that's what we're arguing. There's a different scenario where a third party puts money in your favor and the court has to administer that money. And it's fair for the court to say, these monies are not mine. These monies are here. I administer them because voluntarily the parties have to... So what's the bounds of what you think is where the 15% causes a problem? The 15% causes a problem can be two of them, two different ways. First problem is that when the principal is disbursed because the judgment comes, the judgment comes for the principal. Is that disbursed after that? Yes, it's disbursed after that, and it must be disbursed. Okay, but that, the plot for that, unless I'm misunderstanding something, you just used the word judgment. Yeah. There's no judgment when the government first puts the $2 million into the account. There's no judgment. So you're only objecting from the moment when the judgment hits. That's right. Is that right? Yes. When the judgment comes in, there's an amount that has been generated in interest because the $2 million was sitting there for a while, and then there's an amount in interest for that $2 million that was in that interest-bearing account. The judgment comes and says, Commonwealth, you have to pay the $2 million for the property. They cut a check. The Hacienda de Trechulín cuts a check from this aggregate account for $2 million. Do they cut it for $2 million plus the accrued interest of $2 million? No, that's a problem. Okay, so they just cut it. That's a problem. That has nothing to do with 15% then. No, at that juncture, no. And you're objecting to that. Yes, because they had to pay the interest at the time they delivered the principle. If the interest follows principle, how can you keep the interest? Okay, so interest on that up until the time of the disbursement of the funds. You're looking for that. Yes. And the 15%, you're saying that's calculated based upon only the post-judgment interest. No, for the interest, it is calculated from the first moment. Okay, so pre and post. Yeah, pre and post. But I don't understand. They're not paying you any interest. They're not paying any interest. Are they calculating and then taking 15%? Because the problem is, and they devised an internal regulation that was not developed to the public, that because these funds were in an aggregate account, you had to file a form, a separate form, telling them, calculate my interest and give me my money. You didn't do that. You didn't get your interest. And that's the problem in this case. Nobody practically did that in 20 years. That's really the problem, and that's a separate problem. We're still just trying to figure out, they calculated the 15% on the pre-judgment and the post-judgment interest. Interest, yeah. Not the pre-judgment, the interest only. Just on the interest. But if that's right, then what you're saying is, even though they, just so I understand, they pay you $2 million, no interest, minus 15% of the interest that they didn't pay you? No, because the problem... When you say no, I don't understand. You should be saying yes, I thought. No, because the interest was never paid until after this case was filed. So that means the only 15% deduction is occurring once there is interest that's being earned at all, which is post-judgment. Yes, it's post-judgment, and in this case it's post-2002, which is post-implementation of the plans, the money, so that's why... That's what you're saying. No, I don't think that's what you're saying. I'm just understanding what you're saying. You have a condemnation. Let's assume that they throw in $2 million into a bank account. Everybody, you know, forget about the proceedings, everybody's agreed about the $2 million. So, for 10 years, $2 million is sitting there collecting some kind of interest. No, the $2 million were paid... I said, for 10 years, $2 million... Is that... Let me clarify that. At the time of the judgment, the principal was paid, the $2 million were paid, no issue with that, with no deduction. But the interest of the $2 million for the time it was sitting there while the case was in court were not paid. And 20-something years later, 2024, after this case was filed, and after the plan came into action in 2022, surprisingly, and it's not surprising, it's because of this case, defendants did what they had to do from the outset. From the outset. They identified the persons During the pendency of the dispute over the amount, the money is collecting interest. Yes. Okay, so it takes 10 years to resolve. No, it wasn't 10 years. Hypothetically, if it takes 10 years to resolve the dispute, you're saying you've got 10 years worth of interest that's been accruing. All right, so you've got the pre-judgment accruing interest. And then you're saying that post-judgment, further interest is being accrued on what? Because the... On what? On the interest. So interest on interest. By the 10 years in which the $2 million were sitting there. Okay, interest on interest is accruing. That's interest on principle. Because the problem here is because the interest was not dispersed with the principle. There remains the interest in an account. And that's what stayed there for 20-something years. The interest. Because the problem here is that on the agenda principle that... Is there a dispute as to whether the Commonwealth will pay you the accrued interest? Well, they paid me, paid my client, the accrued interest 24 years after. Okay, but they... After this case. Okay, but they paid it. They created, after the fact, a procedure in 2024, if I'm not mistaken, 2025. And they sent letters to persons, they couldn't identify it, because there are persons that can't identify it after 20-something years. I know this one. Perfect. They paid your client the accrued interest. Minus 25%, yes. 25 or 15? 15, excuse me. 15%. 15%. Okay, so is the only thing we're fussing about here today the 15% administrative fee? No, there are two things that we're fussing about. Three things. First of all, there is a government relief that is asked from the defendant, which is that this type of situation has to stop prospectively. Because if not, it's going to keep repeating itself. There has to be a procedure for him to... As soon as the prisoner is paid, you have to pay the interest. How can it keep happening to him? No, I'm lying. That's not going to happen again. You're absolutely right. So then he doesn't get to seek it for other people. I think this is a... You can factor the... It's not a class. There's a certified class. There's not a certified class. You can assert that, even though my client was paid after this case... What injury is going to harm him in the future? Anything? No. Okay. He will have to be under the exception of susceptible to repetition. Well, is he going to have more property taken? No, no. He himself, no. Yeah, but that's how... He's capable of repetition of you, not of anybody on Earth. Otherwise, it's a de facto class. Okay, so let's say we don't agree with you on that. What's the second thing you want? Okay. The second thing is the eminent domain nature of these proceedings, which the title III court said that if you have an eminent domain, you have a right for just compensation, whatever that is. And my contention, our contention on that, is that the just compensation is the principal deposited plus the interest generated without any lodging. So he wants payment of that amount. Of the... 50%. The 50% of the 50%. And he hasn't gone. He hasn't gone yet. But he asked for that. Yes. He asked for that. And the... But... The third part... The third part... He himself personally... I don't mean by him. I don't mean other people. He's asked for his 15% and the commonwealth has said no. Yes. When did that... Where is that in the record? In every filing. The position that the monies have to be paid without the 15%. I understand there's a statute that says that. Where is the record? Is there an indication of your client requesting it and being denied it? From whom? From the commonwealth. From the commonwealth. Well... The... The... And that's a... That's a... A wrong decision from our perspective. That because the plaintiff didn't go to the state court, judge, saying, hey, listen, you have to order the detention department to give me the interest on my principal. He lacks standing to pursue this case. And the case closed that door in the regulatory and remained on where the 15% levied was a fair amount of money. But the first part of the case, which is also an appeal here, entails a wrong decision by the commonwealth because he says that the plaintiff doesn't have standing because he didn't request the interest from the local court, which is not true. They still have to request the interest. I'm sorry, the interest on the administrative fee. No, the interest. You got the interest now. Yes, 26%. Minus the 15%. Minus the 15%, yeah. So, once again, is there any place in the record you can point that your client has asked for the return of what they're labeling administrative fee? Yes, there's the reason. There's been prompt relief requested that even remained post-petition. Independent of the suit, is there any indication prior to filing the suit that you asked for the commonwealth to pay that 15%?  And in that sense, the local decision, although we disagree with the plaintiff, given to that fact by the local court, the fact is real. I must not deter you. The attorney asked for the principal. He didn't ask for the interest. And that's what the court uses as a standing issue, but it's not. The principal is there, and you don't need a separate order for the interest to be paid. When the principal is paid, you have to pay the interest also, which is the register of plaintiff's name, in this case. It's good that somebody agrees as far as your client is concerned on that point because they paid the interest. Your client has been paid the principal and the interest as a result. But not the full interest. But not the full interest. We're trying to narrow the issues that are before the court. The only issue seen before the court now is is your client entitled to get paid the 15% that was deducted as an administrative fee. Is that correct? And you're saying... And there's an argument that there was never a request for that administrative fee, and that stands right. And you say that's basically ridiculous because the statute says they can't give it. So what's the problem? You pay the principal, you don't have to pay the interest. There need to be no order, no form, anything on that. You have to pay the interest. You cannot keep the interest for 20 years because of whatever internal reason you may have a problem. Because the main issue is a problem they have with the aggregate account, which they have to calculate independently for each person. But isn't there a single statute that authorizes them at least in certain instances to apply administrative fee or stand for administrative fee? Yes. But our argument on that is truthful. First of all, that doesn't allow you to keep the interest after the principal is paid. The statute doesn't allow that. So whatever was charged after the judgment, after the principal amount was paid, could not be charged. And second, because of the nature of the domain proceeding, and this is the point that the account has monies that are not eminent domain. But when eminent domain proceeds, when the government puts the money to pay for your property, the just compensation that you are entitled to is the money that was deposited, the interest that that money generated, and no deductions can be done on that because that's a different scenario. When you take into account that third parties deposit monies in favor of another. Well, I mean, the bottom line is any so-called administrative fee was not a process that benefited your client. That's right.  You say it's not a problem, but you didn't ask for it. I am absolutely positive that it should not be a problem. That is not a problem. Thank you. Thank you. Thank you, counsel. At this time, would the first counsel for the appellee please introduce himself on the record to begin? Good morning. My name is Juan Hernandez. I represent the appellee, George. Some people say that the appeal needs official capacity as administrator of the Office of the Court's Administration. We have a problem with returning the administrative fee. We have a problem. We are authorized by law to keep the administrative fee. We are not planning on returning that amount. There's one thing. An eminent domain proceeding is different from, say, parties suing one another, depositing money in the court's registry and the court holding it for their benefit. There's no benefit that endures to someone whose property has been taken to hold their money in an escrow account. I respectfully disagree, Your Honor, because the only way you can get the just compensation after an eminent domain proceeding is to participate in the eminent domain proceeding before going homewards. Even though the defendant in that case is providing involuntarily, the only way he can get his money is by participating, and the administrative fee is imposed because of a service that the government provides, which is to keep and manage those funds. They're not your fund. That's the whole point of the just compensation requirement. Yes, but while the case has been litigated, and sometimes it takes years, the court has to have an infrastructure to keep those funds in place. Yes, because... For whose benefit? For whose benefit? And who pays for it? That's the question. Is that what you're... We're questioning that there should be a process as opposed to who should pay for it. Whether you have that infrastructure or not, at the end of the day, under the just compensation clause, you must pay just compensation. Correct. And that includes interest. Whether you have a bad process or a good process, that person's entitled to just compensation. Correct. So you decided it would be easier for you to make sure you make that payment to have this process, right? Yes. Why should they pay for that? Because they're using the system. They're not using the system. They're using the Constitution, which requires them to get just compensation. You've chosen to do it this way. You can do it however you want. At the end of the day, they have to get just compensation. If it costs you a lot to figure out how to get from that, why do they have to pay for that? Because there's a law that says... Yeah, well, that's the question. They're challenging the legality of that law. And the law has no exception except in case... And that's why you may be having a problem. Because they contend that's illegal. Under the Constitution. Under the Constitution. I don't see what's lost in the Constitution. Because it's their property and their money that they're being paid for you to take their property. Well, first of all, the judiciary's not taking the property. It's the state. But you're a part of the state. I'm a part of the state. We have a process. And the process requires that I have an account. I have to manage that account. That's great. And it's just... That's what you're doing, what Puerto Rico law says. It's just that the Constitution says Puerto Rico can't do it that way. But what? I mean, on behalf of the judiciary, you can tell the executive branch of the government you need money to process these compensation claims. But it doesn't mean that they have to put the financial burden that results in them getting their property taken from them. Well, the Sperry decision doesn't make that distinction. The Sperry decision looks at whether or not a service is being provided to the citizens and allows a reasonable fee to be collected for the services provided. And in this case, the courts provide the defendants in an eminent domain proceeding... The Sperry and eminent domain case? The Sperry and eminent domain case. No, it's not. Yeah. But that's the whole point that everyone keeps making. This is different. Because it's eminent domain. Because you took something that you have to pay to give back to them. There's no service to them. They don't have to pay you... To take their money. They're not paying me for taking the money. They're paying me for safeguarding that money while the process is being... Safeguarding whose money? The money that was deposited by the corporation. And whose money is that? That money belongs to the person who... Well, that's very nice of you to safeguard it for them. But if they'd like you not to do that, shouldn't they have a say about that and they could safeguard it for cheaper? Well, that's the only way they can get money Under the statute.  But you've set it up that way. You don't have to set it up that way. And you set it up in a way in which they get less at the end. So they say that's illegal. In any event, I wanted to say a couple of things. First of all, they have never asked for that money. And by that money you mean what? The interest? The interest. They never asked for it. And they never asked for it. For the administrative fee? For the administrative fee to go back. How did they get the interest paid? Did they got the interest paid? So did they not ask for it and somebody just pulled up and gave it to them? At the end of the proceeding, there's a motion that is filed. And it's required by Rule 68 of the proceeding procedure. In any end of any proceedings specifically, you have to file a motion and you have to request the disbursement of the funds. And they did that? They represented to the court that they did that. I checked very recently and that was not what I saw.  How did they get paid interest if they never asked for it? How did they get the interest? They came to court today. They conceded they got paid the interest that was owed to them minus the 15%. How did they get paid the interest if they didn't ask for it? Is that an automatic computation at the end of the judgment process? No. What counsel explained is that from 2020 on, the courts were able to develop a platform electronically that would streamline the process. And he explained that his client got a notice that there was interest in most of the accounts and he had to file several documents in order to get it. That's how he got it now. So he asked for it. That's what he wrote to the court. When I checked, that hasn't happened yet. But you acknowledge he got paid the interest? I cannot confirm that. Oh, okay. Why would you go to court without being able to confirm that he got paid the interest? Because I did check when my counsel told me yesterday that I got the interest. The information that I had from two weeks ago was that the money was still in the accounts of the courts. And I checked this morning and that was confirmed to me that the money has not been requested yet. But he's making a representation here that he did get the money. Did you check to see if the money, assuming he didn't request it, has been paid? Yes, I checked that. To my knowledge, that money is still in the accounts. It's about $1,900. This just happened yesterday. I didn't expect that the way this would play out is that the plaintiff would say he got the money and the defendant would say he didn't. I didn't expect that either. So based upon the checking you did, what is the amount of administrative fee based upon the 15% interest that was deducted from whatever amount of interest he got paid that you don't know about? What is the amount that you think he's asking you to give him? That would be 15% of the interest. Which is what dollar amount? The dollar amount that I checked recently was about $1,900. So he's wanting you to give him 15% of $1,900. Right. A couple hundred bucks maybe. Yes, they never asked the court to do that. They restricted the federal court to ask the court to order that. Is that the amity people can't pick up the phone and say, you're looking for a couple hundred dollars in order to avoid oral argument today and get rid of this lawsuit, we'll give you 200 bucks. Well, I was informed by the court of counsel that I told my client, Steve, can you check it? And my client told me that it was still in the account. That there might be some timing issues here because apparently this happened very recently. I can go verify again, but as far as I know, the amount hadn't been filed. Can I add just one thing about the 15%? So that $1,900 is a part of function of all the pre-judgment interest that the money was accruing that was going to be the amount he would have paid in the file. Correct.  Then post-judgment, it was some other amount that's accruing in consequence of it being in the account after judgment, right? The interest. Yeah, the interest. Yes. The 15%, does it only apply to the post-judgment interest? That is correct. So when you said there's $1,900, it'd be 15% of what amount? Of $1,900. It's 15% of $1,900, but why would it be? I'm just trying to figure out if it only applies to the post-judgment interest. That's because it's the interest, you're not disputing anymore that they're entitled to interest on the $2 million during that period of pre-judgment. We always consider that that might be lost. Okay, so they get the interest on that, and then it's just the interest on that interest, but only for the period of time once judgment entered. From the moment... Judgment.  So when did the judgment enter? In this particular case?  I know the case was filed in 2011, so I understand why it was filed about 25 years, but sometime after that, 15 years. So it would be about 15 years of interest on $1,900. 15 years because 2011 was the date that the M&A proceeding was filed. When was the judgment that led to the post-judgment period? I don't have that. But roughly speaking, roughly, 10 years ago? It would be four, five, six, 10 years. Okay, so maybe it's five or six years of interest on $1,900, and then you say you would deduct 15% of that amount. Only when I got the check of the interest do I pay the 15%. If the interest had not been paid, we haven't realized the interest and the administrative detail. But I realize when I got the check for the interest, it's gone. And so you're saying until they ask for the interest, you wouldn't even do this calculation, there's no deduction, and that's why you think they don't have standing, if they didn't ask for the interest, is that the idea? They didn't ask for the interest, they didn't ask for the administrative detail, and therefore, that's what we will rule that... But then the district court reversed itself and asked for the 15%, right? Just on the issue of giving the plaintiff the ability to question the reasonableness under the sparing doctrine. And then on the merit, she says they just haven't done that, so they're out. Correct. So the dismissal they got in the interest is without prejudice, so they could go to the local court and ask for it And then, last question, just on the reasonableness, I know the district court said they didn't do anything to question the reasonableness under sparing, but maybe this just takes us back to where we started with you. What is, in this context, conceivably reasonable about charging a service fee to deduct from the interest that you owe them as just compensation? Even if, in other cases, there's a reason for you to want to deduct it. When we're talking about money you owe them for taking their property, how could it ever be reasonable for you to take a cut of that for the cost of you insuring you can pay them when you're out? Remember, the insuring is updating the program. No one's saying you're a bad person. They're treating you as Puerto Rico for purposes of this appeal. That's who's doing it. The government has set up a system whereby they take property, as they're entitled to do, pay just compensation, and our question is, what is reasonable about saying that, rather than give you everything you're owed, we're going to give you everything you're owed, minus what it took us to make sure that we paid you what we hadn't paid. Because in order to complete the process, I had to spend a cost... You don't really have anything that makes it reasonable, what it sounds like. Well, on the record, there's a cost analysis that was prepared by a certified public accountant. It's like 60 pages long. It makes a huge analysis and determines that a reasonable amount is 50%. But there's nothing that explains why it's reasonable to charge that in the context that I'm in the domain. Other than what you keep saying, which is, that's how Puerto Rico chose to make sure we could pay you what we owe you. The law has to know, so... Okay, thank you. I have something. No, I don't think you do. One more. My colleague was really worried about the issues regarding the program itself and there were other technical issues on that, so... Okay, helpful. Please introduce yourself on the record to begin. Good morning. For the record, I'm Jermaine Andrews, reporting on Paul Bess's behalf. As my colleague, Paul MacNasty, has mentioned out here, we're discussing jurisdictional questions that were raised by this board's October 3, 2024 order. So, as we've been referring, we've divided appellants' claims into two categories. So we have the interest claim and we have the affidavit fee. Now, in light of the representations that Council just mentioned regarding whether the interest was paid or not, it is questionable whether the interest claim issue is now one at this point. I don't know if the board wants me to go through that analysis of jurisdictional questions. So, if we skip that for time being, let's focus in on the administrative fee. So, on the administrative fee, one of the first questions was whether that violated the automatic state. Now, our position with regards to that is that, yes, it would violate the automatic state. Now, my colleague already mentioned that there's a specific law in which the Commonwealth has an interest with regards to that 15% fee, but it hasn't been settled that law. Could you pin down very specifically what you're saying violated the state? So, to the extent that the appellants when they filed this complaint in 2020, this was before the Commonwealth Title III plan was confirmed, and definitely before the effective date on Department Part 15.2. So, you're saying the filing of the loss violated the automatic state. That is absolutely correct. Because the appellant was requesting, at the end of the day, this payment of money. They wanted to collect the rest of the administrative fee, and wanted to be returned to them. Isn't there a carve-out for eminent domain cases? There is a carve-out for eminent domain cases. There's a distinction between the interest claims, which we detail in our brief, vis-a-vis the administrative fee. As we lay out, the distinction is we see the interest fee as being part and parcel of the eminent domain slash inverse condemnation claim, as defined in the agreement. But why is the administrative fee not also? I understand that the administrative fee doesn't have to be tied to eminent domain, but from the perspective of a person seeking just compensation. So, what they're saying is, I'm not getting just compensation because I'm not getting the 15%. And that is a very interesting question that you're posing. And what we can rely on is, remember, because we're talking about the municipal bankruptcy, essentially, on stairways, which is what we saw at the end of the day in Title III. We have to go to the code, and to how the plan defines the claim. And that is very broad, right? And specifically, it has a specifically carve-out what is an eminent domain claim in the context of Title III. And with regards to the eminent domain, bear with me if I copy. This... Here we go. Eminent domain inverse condemnation claim. This is defined at section 1.212 of the plan. It's a claim arising from or related to an eminent domain proceeding. An eminent domain proceeding is a commonwealth court. This is defined at 1.213. And a final order entered therein including, without limitation of interest, perspectives. Now, two things which are interesting here. The first one is the requirement in order to determine what the amount of the claim is is a final order. Now, as a hosting council just discussed, at the time in the commonwealth proceeding, and as my colleague also clarified, there was no request with regards to the administrative fee which was embedded in the judgment at that time. Yes, there was no request with regards to the interest. So, just let me, just playing this out. If there had been a request and let's say they got an answer back, no, we're not going to pay you the administrative fee pursuant to law, blah, blah, blah, that says we can keep the 15%. If they had filed suit at that point, you might say the state does not block the suit. If they had requested at that point, in that specific proceeding, and gotten a denial, and then filed suit, same claim they make now, which is what we saw that was challenged with order denying of this, you'd say the state did not apply it. Well, that is another interesting reason for another. And now we have to go to section 58.1 of the plan. I wouldn't believe if, as part of the eminent domain proceeding itself, which, again, is a state court proceeding where the money was deposited, the accommodation occurred. Let's play out that scenario. Let's assume they request honor close to the final order. I want the administrative fee or the interest, whichever. And it is denied. Two things would happen. They could seek request for reconsideration as part of that same proceeding. Right? So all of it is encompassed in the eminent domain proceeding. If we go to section 58.1 of the plan, the carve-out of the automatic state is if there's a dispute in that proceeding. The problem we have is that that did not occur at that proceeding. A separate suit was filed in September 2020 before the United States District Court asserting all of those issues. Now, here's where we have the disconnect between what the plan and the confirmation order provides to the eminent domain place and the appropriate forms to discuss that. So playing that scenario, Judge, if we wanted to figure out that the eminent fee was not included, it should have been pursued there. There would have been a final order there, and all of that would have been kosher with regards to the automatic state. If I boil you down to essentials, you're just saying to take advantage of that exception. At a minimum, they have to show a final order that they're challenging. And on this record, your basic point is there just is no final order that they've identified so they can't take advantage of the carve-out since they apply? That's correct. And because if the state applies, which is our view, that all of those actions in the District Court, including the appeal, would be null and void, meaning that there would be no jurisdiction. Can we go back to the Commonwealth Court where the eminent general manager's feature plays out? When the judgment is entered over there, does it say judgment in the amount of X amount of principal plus interest minus the administrative fee? In other words, how is the plaintiff given notice that an administrative fee prior to actual distribution is going to be deducted from their money? I do not have an answer to that question. I believe that would be issues that were discussed. My colleague, well, I guess, would have discussed I don't know. You're arguing that they shouldn't have played all of this out in the Commonwealth Court. So I'm trying to figure out how they had done that. So once they have the final order, in this specific case, in this specific case, the issue came with regards to the amount that was originally deposited by the government agency that initiated the compensation. Ultimately, based on what a court counsel did, I do not know the answer to that. I would not like to mislead you. Because that was not within the priority of my issues on the list. It looks like you're arguing it. I don't understand, Your Honor. I'm arguing with regards to the jurisdictional questions. You pose a very good question. I unfortunately do not have that fact ready. I'm sorry. They're not, as you understand it, they're not contending that the final order they're challenging is that final order. I absolutely agree with you. So, the basic question may be, if I'm following your train of logic, whatever objections they want to make to applying the stay in this circumstance, blah, blah, blah, they can make all those, but they haven't. But the basic thing is, if they're contending the stay does not apply because of the carve-out, that's just not true, in your view. The carve-out only applies when there's an order, and they simply haven't identified an order that gets them to look out for the carve-out. That is absolutely what I'm arguing. That's where the rubber meets the road here. Because of how the plan is stated, with regards to the exception of the automatic stay, all of those questions that you're raising, Judge Thomas, would have been pursued in the state court. That is not what Appellants did. Plaintiffs chose to file a separate proceeding seeking what they mean as equitable relief, but ultimately it is a barrier claim. Thank you. Do the rest honorably. Thank you, Counsel. That concludes argument in this case.